# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 16-1671V
Filed: November 16, 2017
Not for Publication

*************************************
HELENE FROST,                        *
                                     *
       Petitioner,                  *
                                     *      Attorneys' fees and costs decision;
v.                                   *      reasonable attorneys' fees and costs
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
       Respondent.                  *
                                     *
*************************************

Jeffrey S. Pop, Beverly Hills, CA, for petitioner.
Lynn E. Ricciardella, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 20, 2016, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012), alleging that she suffered Guillain-Barré syndrome ("GBS") as a result of the influenza ("flu") vaccination she received on November 18, 2015. Pet. at ¶¶ 4 and 6.

On September 13, 2017, respondent filed a proffer. On the same day, the undersigned issued a decision awarding compensation in the amount set forth in the proffer.

On November 4, 2017, petitioner filed a motion for attorneys' fees and costs, requesting

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

attorneys' fees of $19,397.00, attorneys' costs of $3,791.44, and Dr. Steven Sykes' fee of $1,650.00, for a total request of $24,838.44.   Because counsel paid the filing fee, petitioner had no costs.

On November 14, 2017, respondent filed a response to petitioner's motion explaining he is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B).   Resp. at 2.   Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs."   Id. at 3.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs, incurred in any proceeding on such petition"   42 U.S.C. § 300aa-15(e)(1).   It is not necessary for a petitioner to prevail in the case-in-chief in order to receive a fee award as long as petitioner brought the claim in "good faith and there was a reasonable basis for the claim."   Id.   The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.   Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds petitioner's attorneys' fees and costs request reasonable.   Therefore, the undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs.

Accordingly, the court awards **$24,838.44**, representing attorneys' fees and costs.   The award shall be in the form of a check made payable jointly to petitioner and Jeffrey S. Pop & Associates in the amount of **$24,838.44**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: November 16, 2017                                                                  s/ Laura D. Millman
                                                                                                            Laura D. Millman
                                                                                                            Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.